PROB 12
(Rev. 10/93)

# United States District Court

for the

## Eastern District of Pennsylvania

March 13, 2024

U.S.A. vs. Vaughn L. Pierce　　　　　　　　　　Case Nos.: 2:09CR000175-001
　　　　　　　　　　　　　　　　　　　　　　　and 2:10CR0014-001

## VIOLATION OF SUPERVISED RELEASE

　　　　COMES NOW Jerel F. Palmer, U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Vaughn L. Pierce who was placed on supervised release by The Honorable Gene E.K. Pratter sitting in the Court in the Philadelphia on the 20th day of October 2011, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSES: | 2:09CR00175 Conspiracy (Count One); Bank fraud (Counts Two through Ten) and aggravated identity theft (Counts 11-13). |
| | 2:10CR0014-001 Bank Fraud (Counts One through Five). |
| ORIGINAL SENTENCES: | 2:09CR00175: The defendant was committed to the custody of the United States Bureau of Prisons for a total term of 132 months. This consists of 60 months on count one and 96 months on counts two through 10, such terms to run concurrently, followed by a term of 24 months on counts 11 and 12 to be served concurrently with each other and consecutively to the concurrent term of imprisonment imposed on counts one and two, followed by 12 months on count 13, to be served consecutively to all other counts, to produce a total term of 132 months. This sentence is to be served concurrently with the term of imprisonment imposed in Criminal No. 10-014. A $1,300.00 special assessment was imposed, and due immediately. Upon release from imprisonment, the defendant shall be on supervised release for a term of five years. This term consists of 3 years on count one, five years on counts two through 10, and one year on count 11 through 13, to be served concurrently as to each count and to be served concurrently with the term of supervised release imposed in Criminal No. 10-014. |
| | 2:10CR00014-01: The defendant was committed to the custody of the United States Bureau of Prisons for a total term of 77 months on counts one through five of the indictment |

RE: Pierce, Vaughn L.
Case Nos.: 2:09CR000175-001
         and 2:10CR0014-001

such terms to be served concurrently and to be enhanced and followed by a period of 19 months pursuant to 18 U.S.C.§3147, to produce a total term of 96 months. This sentence to be served concurrently with the term of imprisonment imposed in Criminal No. 09-175. A $500.00 special assessment was imposed and due immediately. Upon release from imprisonment, the defendant shall be on supervised release for a term of five years on each of counts one through five, to run concurrently to each other and to be served concurrently with the term of supervised release imposed in Criminal No. 09-175

**SPECIAL CONDITIONS:**   2:09CR00175-001: 1) The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income; 2) The defendant shall refrain from all gambling activities, legal or otherwise. The defendant is to attend Gamblers Anonymous, or similar treatment, as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of said treatment until satisfactorily discharged with the approval of the Court; 3) The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The Defendant shall remain in treatment until satisfactorily discharged with the approval of the Court; 4) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with any payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court. 5) The defendant shall pay a fine in the amount of $3,250.00. The defendant shall pay restitution in the amount of $100,108.45. Restitution shall be paid at a rate of not less than $100 per month, commencing 60 days after release from confinement.

2:10CR00014-001: Special Conditions 1-4 as imposed above. Special Condition 5) The defendant shall pay a fine in the amount of $1,250.00. The defendant shall pay restitution in the amount of $7,969.84. Restitution shall be paid at a rate of not

RE: Pierce, Vaughn L.
Case Nos.: 2:09CR000175-001
and 2:10CR0014-001

less than $100 per month, commencing 60 days after release from confinement.

**SUPERVISION COMMENCED:** December 17, 2020

**SUPERVISION TERMINATES:** December 16, 2025

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. These conditions are:

A. <u>Mandatory Condition:</u> The defendant shall not commit another federal, state, or local crime.

On February 20, 2024, Detective Michelle Horner of the Philadelphia Police Department East Detective Division advised the U.S. Probation Office that she positively identified Mr. Pierce as the offender in the fraudulent cashing of checks that occurred on January 28, 2024, reported under DC 24-24-008681.

On February 20, 2024, Mr. Pierce acknowledged to the probation officer that he was aware he was under investigation for a check he tried to cash and admitted to the conduct. On February 21, 2024, a copy of the approved warrant of arrest was received. Mr. Pierce is being charged with Forgery (F2), Theft by Unlawful Taking (F3), Theft by Deception (F3) and Bad Checks (M2). On February 23, 2024, Mr. Pierce was notified of the warrant and instructed to self-surrender. He agreed to make arrangements to do so on Monday or Tuesday of the following week. To date, Mr. Pierce has not turned himself in to the Philadelphia Police Department.

On February 27 and 28, 2024, the undersigned officer attempted to contact Mr. Pierce by phone but received notification that the phone was out of service. On March 5, 2024, a home visit was attempted at his residence, but no contact was made.

RE: Pierce, Vaughn L.
Case Nos.: 2:09CR000175-001
          and 2:10CR0014-001

On March 4, 2024, the probation office received a notice from the Philadelphia Police Department that Mr. Pierce had contact with Philadelphia Police but was not arrested. Subsequent contact with Officer Talarico at the 35th Police District revealed that Mr. Pierce was involved in an unspecified "domestic dispute with a child." The Officer was unable to explain why Mr. Pierce was not arrested relative to the aforementioned warrant. On March 8, 2024, an email was sent to the responding Philadelphia Police Officer, Richard Custer, requesting additional information on the incident, but no response has been received as of this writing.

At this time, Mr. Pierce's whereabouts are unknown and he has ceased contact with the probation officer.

**GRADE OF VIOLATION**                                                      **B**

B. <u>Special Condition #3:</u> The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

On November 8, 2023, Mr. Pierce was reminded of the obligation to participate in mental health treatment. He received encouragement, referral assistance and/or reminders to enroll in treatment on November 16, 22 and 28, 2023. On December 19, 2023, he advised that he scheduled an intake for January 26, 2024, at Best Behavioral Health. However, to date he has not verified enrollment in mental health treatment as instructed.

**GRADE OF VIOLATION**                                                      **C**

C. <u>Special Condition #5:</u> The defendant shall pay a fine in the amount of $3,250.00. The defendant shall pay restitution in the amount of $100,108.45. Restitution shall be paid at a rate of not less than $100 per month, commencing 60 days after release from confinement (Case No 2:09CR00175-001).

The defendant shall pay a fine in the amount of $1,250.00. The defendant shall pay restitution in the amount of $7,969.84. Restitution shall be paid at a rate of not less than $100 per month, commencing 60 days after release from confinement (Case No. 2:10CR00014-001).

RE: Pierce, Vaughn L.
Case Nos.: 2:09CR000175-001
         and 2:10CR0014-001

Since commencement of supervised release, Mr. Pierce had made no payments toward his financial obligations.

**GRADE OF VIOLATION**                                                                 <u>C</u>

PRAYING THAT THE COURT WILL ORDER...    **THE ISSUANCE OF A WARRANT DIRECTING THAT THE NAMED SUPERVISED RELEASEE BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

*Julia K. Roberts* — Digitally signed by Julia Roberts
Date: 2024.03.13 16:05:31 -04'00'

Julia K. Roberts
Supervisory U.S. Probation Officer

Place: <u>Philadelphia, PA</u>
Date: <u>March 13, 2024</u>

JFP

cc: Assistant U.S. Attorney
    U.S. Marshals - Warrant Squad

**ORDER OF THE COURT**

Considered and ordered this _14th_ day of _March_, 2024 and ordered filed and made part of the records in the above case.

_____
The Honorable Gene E.K. Pratter
U.S. District Court Judge

## INFORMATION SHEET FOR REVOCATION OF SUPERVISION

**United States of America**            )        Case Nos.: **2:09CR000175-001**
                                                              **and 2:10CR0014-001**

             vs.                         )

         Vaughn L. Pierce                )

Defendant's last known Address and          1421 West Sparks Street Apt. B
Telephone Number:                           Philadelphia, PA 19141
                                            (267) 368-9953

Defendant is in custody at:                 N/A

Defendant's last known Counsel              Stephen J. Britt, Esquire
Address and                                 P.O. Box 1746 Blue Bell, P A
Telephone Number:                           19422
                                            (610) 608-3495

Assistant U.S. Attorney                     Mark Dubnoff Esq.
Address and                                 615 Chestnut Street Suite 1250
Telephone Number:                           Philadelphia, PA
                                            215-861-8397

**Jerel Palmer** — Digitally signed by Jerel Palmer
Date: 2024.03.13 16:26:51 -04'00'

Jerel F. Palmer
U.S. Probation Officer

Telephone No.: 267-290-1005